IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE

Civil Case No. 06-cv-01309-LTB-MJW

PATRICIA GROVE,

        Plaintiff,
v.

SKYLYNE MACHINE & SUPPLY, INC., and
WILLIAM R. HENRY,

        Defendants.
_____

ORDER
_____

This case is before me on a Motion to Dismiss filed by Defendants, Skylyne Machine & Supply, Inc. and William R. Henry, in which they seek a dismissal of the complaint filed in this matter by Plaintiff, Patricia Grove, for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Oral argument would not materially assist me in my determination. After consideration of this motion, as well as all related pleadings and attachments, and for the reasons set forth below, I DENY Defendants' motion to dismiss.

**I. Background**

In her complaint, Plaintiff seeks relief for unpaid compensation, liquidated damages and attorney fees under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA"). Plaintiff asserts that she was employed by Defendant Skylyne, a Colorado corporation with its principal place of business in Colorado, as a bookkeeper from March 2003 through February 22, 2006.

Defendant Henry is the president and a director of Skylyne. Plaintiff further asserts that during her employment with Skylyne, she regularly worked in excess of 40 hours in a week and did not receive any compensation for those excess hours. As such, she asserts that Defendants willfully violated 29 U.S.C. § 207(a)(1)("no employer shall employ any of his employees. . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed"). In response, Defendants filed this motion asserting that Plaintiff's complaint fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). As a result, they ask that this case be dismissed.

## II. Fed. R. Civ. P. 12(b)(6) Standard

Under Fed. R. Civ. P. 12(b)(6), a district court may dismiss a complaint for failure to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can plead no set of facts in support of her claim which would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A claim may be dismissed either because it asserts a legal theory not cognizable as a matter of law or because the claim fails to allege sufficient facts to support a cognizable legal claim. Fed. R. Civ. P. 12(b)(6); *Morey v. Miano*, 141 F. Supp.2d 1061, 1062 (D.N.M. 2001).

When considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a district court tests the sufficiency of the allegations within the four corners of the complaint after taking the allegations as true. *See Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir.1994). "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Scott v. Topeka Performing*

*Arts Center, Inc.,* 69 F.Supp.2d 1325, 1326 (D. Kan. 1999); *see also Hospice of Metro Denver v. Group Health Ins.*, 944 F.2d 752, 753 (10th Cir.1991).

If a party submits supplemental evidentiary materials with a motion to dismiss for failure to state a claim upon which relief can be granted, and those materials are not excluded by the court, the motion shall be treated as one for summary judgment under Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(b)(6); *Lowe v. Town of Fairland, Oklahoma*, 143 F.3d 1378, 1381 (10th Cir. 1998)(a Rule 12(b)(6) motion "must be converted into a motion for summary judgment whenever the district court considers matters outside the pleadings"). I "have broad discretion in determining whether or not to accept materials beyond the pleadings." *Id.* (*citing* 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1366 (1990)).

### III. Analysis

The basis for Defendants' motion to dismiss is their assertion that Plaintiff was an "exempt" employee while she was employed at Skylyne and, as such, they maintain that she is not entitled to receive compensation for any overtime that she might have worked. *See* 29 U.S.C. § 213(a)(29 U.S.C. § 207 "shall not apply with respect to – (1) any employee employed in a bona fide executive, administrative, or professional capacity"). As a result, Defendants assert that they did not violate 29 U.S.C. § 207(a)(1). Defendants make extensive factual allegations and provide me with numerous affidavits and copious documentation in support of their claim that Plaintiff is an exempt employee.

Before responding to this motion, Plaintiff filed a Motion to Strike [Doc #7] in which she objected to Defendants' factual arguments and the inclusion of evidentiary materials outside of the complaint in their Fed. R. Civ. P. 12(b)(6) motion. In addition, although she now responds to

Defendants' substantive factual allegations because I summarily denied her Motion to Strike, she continues to "expressly objects to consideration of the Motion to Dismiss as a motion for summary judgment and consideration of materials outside of the complaint."

Whether a position is exempt under 29 U.S.C. § 213(a)(1) is a mixed question of law and fact. Although the district court must make the ultimate legal conclusion of whether an employee is exempt, "the inquiry into exempt status remains intensely fact bound and case specific." *Bohn v. Park City Group, Inc.*, 94 F.3d 1457, 1461 (10th Cir. 1996)(*quoting Dalheim v. KDFW-TV*, 918 F.2d 1220, 1226 (5th Cir.1990)). "A court determining whether a position is exempt under the FLSA must make findings of historical facts regarding the day-to-day duties of the employee and draw conclusions from the historical facts." *Bolduc v. National Semiconductor Corp.*, 35 F.Supp.2d 106, 114 (D. Me. 1998). As a result, I decline to exercise my discretion to convert this Fed. R. Civ. P. 12(b)(6) motion to dismiss to a Fed. R. Civ. P. 56 motion for summary judgment. "[T]he question of [an FLSA] exemption turns on the application of law to facts and, thus, is not an appropriate subject to be raised on a Motion to Dismiss." *Herman v. Continental Grain Co.*, 80 F.Supp.2d 1290, 1296 (M.D. Ala. 2000)(surveying case law that held that whether an employee is exempt under the FLSA involves substantial amounts of fact-finding before the court can resolve the ultimate legal question of exemption); *see also Farrell v. Pike*, 342 F.Supp.2d 433, 439 (M.D.N.C. 2004)("the issue of whether defendants are entitled to an exemption is not normally appropriate for resolution in a motion to dismiss").

When viewing all material allegations in Plaintiff's complaint as true, I conclude that Plaintiff's complaint adequately states a FLSA overtime claim for which relief can be granted. Plaintiff has alleged that she was employed by Defendants and that during that employment she

worked in excess of forty hours in a week, but was not paid overtime for those excess hours. Therefore, her complaint survives dismissal under Fed. R. Civ. P. 12(b)(6).  *See generally Morrow v. Green Tree Servicing, L.L.C.,* 360 F.Supp.2d 1246, 1250 (M.D. Ala. 2005)(denying the defendants Fed. R. Civ. P. 12(b)(c) challenge when the plaintiff's FLSA claim was "more than adequate to give the defendants 'fair notice of what the plaintiff's claim is and the grounds upon which it rests'")(*quoting Conley v. Gibson supra,* 355 U.S. at 47); *Muller v. American Management Ass'n Intern.,* 315 F.Supp.2d 1136, 1141 (D. Kan. 2003)(noting that the necessary elements of an overtime claim under FLSA requires that the complaint allege that employees actually worked in excess of 40 hours in a week without proper overtime compensation).

Accordingly, for the reasons set forth herein, Defendants' Motion to Dismiss Plaintiff's Complaint with Prejudice Pursuant to Fed. R. Civ. P. 12(b)(6) **[Doc # 5]** is DENIED.

Dated: October   17  , 2006, in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, CHIEF JUDGE